Juliane E. Lore, ID # 9786
LORE LAW FIRM PLLC
P.O. Box 913
Billings, MT 59103
Phone: 406-206-0144
Fax: 406-281-8463
Email: juliane@lorelaw.us

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re                                        )
                                             )
LORI L. GUPTON                               )        Case No. 13-61104-RBK-13
                                             )
                                             )
                                             )
          Debtors.                           )

_____

AMENDED CHAPTER 13 PLAN (DATED 2/17//2014)
_____

1. The future earnings and other income of the Debtor(s) are submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this Plan, and Debtor(s) shall pay to the Trustee the sum of **$120.00** each month for a term of **5** months, and then the sum of **$105.00** each month for a term of **55** months, or until all of the provisions of this Plan have been completed. Plan payments shall commence within thirty (30) days following the filing of the Plan. The Debtor(s) shall continue to make payments to the Trustee until/unless an order of garnishment is entered.

2. From the payments so received, the Trustee shall make disbursements as follows:

(a) ADMINISTRATIVE CLAIMS. The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(2), including the Debtor's attorney fees and costs in such amount as may be allowed by the Court. As of the date of this plan, Debtor's counsel estimates that total attorney fees and costs for representation of Debtor (excluding the fee for filing the Debtor's petition) will be as follows:

Estimated total attorney fees:              $__1000.00__
Estimated total costs:              +       $___0.00____

    Total estimated attorney fees and costs:    =   $__1000.00__
    Less retainer:    –   $__1000.00__
TOTAL FEES AND COSTS TO BE PAID THROUGH PLAN:   $____00.00__

\* If this figure differs from the Disclosure of Compensation originally filed by the Debtor's attorney, said Disclosure must be amended simultaneously with the filing of this plan or amended plan, as provided in F.R.B.P. 2016(b).

(b) **IMPAIRED SECURED CLAIMS.** After the payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. § 506(a), together with interest at the rate set forth below from the date of confirmation, on a pro rata basis, as follows:

| **Name of Creditor** | **Claim Number** | **Allowed Secured Claim \*** | **Rate of Interest** |
|---|---|---|---|
| UNITED CONSUMER FINANCIAL SERVICES | #8 | $200.00 | 5% |

[\* This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.]

Secured creditors shall retain their liens as provided by 11 U.S.C. § 1325(a)(5)(B). In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

(c) **UNIMPAIRED SECURED CLAIMS.** The following secured creditors, whose claims will be left unimpaired by this Plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to those arrearages specified below, if any:

| **Name of Creditor** | **Description of Collateral** |
|---|---|
| FLAGSTAR BANK FSB | DEBTORS' RESIDENCE |

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| **Name of Creditor** | **Amount of Arrearage** |
|---|---|

Upon completion of the Plan, all prepetition arrearages provided for by this Plan shall be deemed current.

| FLAGSTAR BANK FSB | $5513.44 |
|---|---|

(d) **DOMESTIC SUPPORT OBLIGATIONS.** After the payments provided for above, the Trustee shall pay all allowed prepetition domestic support obligations. Such allowed claims

for prepetition domestic support obligations shall be paid in full under this Plan, without interest (*unless otherwise provided*).

| **Creditor** | **Complete Address** | **Claim Amount** |
|---|---|---|

(e) PRIORITY CLAIMS.  After the payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507.

(f) GENERAL UNSECURED CLAIMS.  After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, non-priority claims on a pro rata basis.

(g) LIQUIDATION ANALYSIS.  The total amount distributed under paragraphs 2.(e) and (f) above will be at least $ 0.00  , which exceeds what would be available to pay unsecured claims if the Debtor's estate was liquidated under Chapter 7 of the Bankruptcy Code.  A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3. REJECTION OF CONTRACTS OR LEASES.  The Debtor(s) rejects the following executory contracts and unexpired leases, and shall surrender property subject to such contracts or leases:

| **Type of Agreement** | **Date of Agreement** | **Other Party to Contract** |
|---|---|---|

All other executory contracts and unexpired leases shall be affirmed.

4. SURRENDER OF PROPERTY.  The Debtor(s) surrenders any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim.  In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

| **Secured Creditor** | **Description of Collateral** |
|---|---|

5. POST-PETITION SECURED DEBT:  The Debtor(s) reserves the right to incur Post-petition secured debts, upon prior written approval of the Trustee, for items necessary to Debtor(s) performance under this Plan.

6. REPORT OF CHANGES IN INCOME:  The Debtor(s) shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of $300 per month to the Trustee.

7. OTHER PROVISIONS:

8. DECLARATIONS:  Under penalty of perjury, Debtor(s) affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed

with the appropriate agency, and that all post-petition payments due on all domestic support obligations have been paid through the date of this Plan.

9. EFFECTS OF CONFIRMATION: Upon confirmation of this plan, all issues that have been or could have been decided involving any creditors are *res judicata*, and Debtor(s) reserves all rights under applicable federal and state law with regard to those issues, including rights under 11 U.S.C. § 524(i). Debtor(s) specifically reserves all rights under 11 U.S.C. § 524(i), including the right to ensure that all post-petition mortgage payments be applied and credited to Debtor's mortgage account as if the account were current and no prepetition default existed.

10. PREVIOUS BANKRUPTCIES, AND DISCHARGE: (Check one)

\_\_\_ Debtor(s) is not eligible for a discharge of debts because the debtor(s) has previously received a discharge described in 11 U.S.C. § 1328(f).

**X** Under penalty of perjury, Debtor(s) declares they have not received a discharge in a previous bankruptcy case that would cause him/her to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

11. INCOME TAX REFUNDS: (Check one)

\_\_\_ Debtor(s) projects no income tax refunds during the term of this plan. As a result, no income tax refunds will be turned over to the trustee.

**X** Debtor projects income tax refunds during the term of this plan. During the applicable commitment period of the plan, as defined in 11 U.S.C. § 1325(b)(4), Debtor will turn over to the trustee all net income tax refunds.

DATED this 17th day of February, 2014.

       /s/ Lori L. Gupton
      Debtor, LORI L. GUPTON

# CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2014, a copy of the proposed Amended Chapter 13 Plan was served on the following parties by US Mail:

Flagstar Bank
Attn: Bankruptcy Dept
5151 Corporate Dr
Troy, MI 48098

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Montana Department of Revenue
PO Box 7701
Helena, MT 59604

Chase Mht Bk
Attention: Bankruptcy
Po Box 15298
Wilmington, DE 19850

Discover Fin Svcs Llc
Po Box15316
Wilmington, DE 19850

Optimum/Bresnan
1860 Monad Road
Billings, MT 59101-6747

Rimrock Credit Union
952 Central Ave
Billings, MT 59102

Sheridan Memorial Hospital
1401 West 5th Street
Sheridan, WY 82801

St. Vincent Healthcare
PO Box 35200
Billings, MT 59107-5200

United Consumer Financial Services
865 Bassett Rd
Westlake, OH 44145

Unvl/citi
Attn.: Centralized Bankruptcy
Po Box 20507
Kansas City, MO 64195

Wells Fargo
Po Box 60510
Los Angeles, CA 90060

Wells Fargo Card Ser
1 Home Campus
3rd Floor
Des Moines, IA 50328

          __/s/Juliane E. Lore _____
      **For Lore Law Firm, PLLC**